**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

ERIC FLOWERS,                           *
*Reg. # 137184*                          *
                                         *
                    Petitioner,          *
v.                                       *
                                         *       No. 5:11-cv-00245-SWW-JJV
RAY HOBBS, *Director, Arkansas*          *
*Department of Correction*               *
                                         *
                    Respondent.          *

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan

Webber Wright. Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the hearing before the District Judge (if such a

hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Before the Court is Eric Flowers's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  He raises five ineffective-assistance claims that he previously raised in a Rule 37 motion. Based on the record and the following analysis, this Court recommends that Mr. Flowers is not entitled to federal habeas relief in this case and the Arkansas Supreme Court's decisions regarding Mr. Flowers's claims were reasonable and not excepted by 28 U.S.C. § 2254(d)(1).

## I.     BACKGROUND

On September 26, 2006, Mr. Flowers was convicted of capital felony murder and sentenced to life without parole.  *Flowers v. State*, 373 Ark. 127, 128, 282 S.W.3d 767, 769 (2007).  He appealed his conviction, arguing that the circuit court erred in denying his motion for directed verdict and for admitting the testimony of certain witnesses.  *Id.*  The Arkansas Supreme Court affirmed.  *Id.*

Mr. Flowers then filed a timely motion for post-conviction relief pursuant to Rule 37 of the

Arkansas Rules of Criminal Procedure (Doc. No. 6-4), and raised five ineffective-assistance-of-counsel claims. *Flowers v. State*, 2010 Ark. 364, at 2, 2010 WL 3788291, at *2. The circuit court denied the Rule 37 motion, and the Arkansas Supreme Court affirmed. *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* at 4, 2010 WL 3788291, at *4. Mr. Flowers filed the instant Petition on September 16, 2011. (Doc. No. 1.)

## II.     DISCUSSION

When reviewing an underlying state court's decision in a federal habeas petition, federal courts will "undertake only a limited and deferential review." *Worthington v. Roper*, 631 F.3d 487, 495 (8th Cir. 2011). Specifically, in cases where the petitioner raises issues concerning a state court's decision regarding federal law, habeas relief will not be granted unless the state court adjudicated the petitioner's claims on the merits and that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see also Collier v. Norris*, 485 F.3d 415, 421 (8th Cir.2007).

For purposes of 28 U.S.C. § 2254(d)(1), "[a] state court decision is 'contrary to' clearly established federal law if it either 'arrives at a conclusion opposite that reached by [the Supreme] Court on a question of law' or 'decides a case differently than th[e Supreme] Court has on a set of materially distinguishable facts.' " *Worthingto*n, 631 F.3d at 495. Additionally, "[a] state court 'unreasonably applies' Supreme Court precedent if it 'identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.' " *Id.* (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)).

## III.     ANALYSIS

As a threshold matter, this Court notes that the underlying decision by the Arkansas Supreme Court in *Flowers v. State*, 2010 Ark. 364, 2010 WL 3788291, adjudicated all of Mr. Flowers's instant habeas claims on the merits.  Thus, all that is at issue is whether that decision was contrary to, or an unreasonable application of, established federal law.

The Arkansas Supreme Court correctly recognized[1] that the federal law applicable to Mr. Flowers's ineffective-assistance-of-counsel claims was the two-prong standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  *Flowers v. State*, 2010 Ark. 364, at 2, 2010 WL 3788291, at *2.  The court also correctly articulated that standard by stating that Mr. Flowers was required to show (1) that his counsel's performance was deficient, or that it fell below an objective standard or reasonableness, and (2) that this deficient performance prejudiced his defense, *Flowers v. State*, 2010 Ark. 364, at 2, 2010 WL 3788291, at *2; *see also Strickland*, 466 U.S. at 687-88.  Furthermore, the facts before the court, which are the same facts now before this Court, were distinguishable from the facts considered in relevant United States Supreme Court precedent.  *See, e.g.*, *Harrington v. Richter*, 131 S.Ct. 770 (2011), *Berghuis v. Thompkins*, 130 S.Ct. 2250 (2010); *Mickens v. Taylor*, 535 U.S. 162 (2002); *Lockhart v. Fretwell*, 506 U.S. 364 (1993); *Perry v. Leeke*, 488 U.S. 272 (1989); *Strickland v. Washington*, 466 U.S. 668 (1984).  Consequently, the dispositive question in this matter is whether the Arkansas Supreme Court made a reasonable application of that standard to each of Mr. Flowers's claims.

As the United States Supreme Court has noted, there is a distinction between the reasonableness of the underlying state court's application of federal law and the concept of

---

[1]This Court recognizes the Arkansas Supreme Court's decision in *Flowers v. State*, 2010 Ark. 364, 2010 WL 3788291 as the underlying state decision at issue under 28 U.S.C. § 2254(d)(1) because it is the "last reasoned decision of the state courts."  *Worthington*, 631 F.3d at 479.

reasonableness associated with the *Strickland* standard. *Harrington*, 131 S.Ct. at 785. Specifically, in cases where a federal habeas court reviews ineffective-assistance-of-counsel claims under 28 U.S.C. § 2254(d)(1), the "pivotal question is whether the state court's application of the *Strickland* standard was unreasonable," which is "different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Id.* This distinction alludes to the fact that "deference and latitude" attend the state court's decision when it is under review by a federal habeas court. *See id.* at 786; *cf. id.* at 788 ("The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is doubly so.").

Ultimately, then, this Court must "determine what arguments or theories supported or . . . could have supported, the [Arkansas Supreme Court's] decision [in this matter] and [subsequently determine] whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the United States Supreme Court]." *Id.* ("A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004))).

A.     **Defense Counsels' Theory of Defense**

In his first ineffective-assistance claim, Mr. Flowers argued that defense counsel failed to present a viable defense to his capital murder charge. (Doc. No. 2 at 5.) Specifically, he claimed that defense counsels' alibi defense was "defective" because he was actually at the scene of the crime, and a voluntary intoxication defense would allegedly have been more appropriate. (*Id.*) The Arkansas Supreme Court found that defense counsel's theory of defense was a component of their overall trial strategy and was supported by "reasonable professional  judgment" because Mr.

Flowers's suggested defense strategy of voluntary intoxication was not recognized as a defense to capital murder in Arkansas. *Flowers v. State*, 2010 Ark. 364, at 4-5; 2010 WL 3788291, at *4-5. The court's rejection of the claim on this ground was reasonable under 28 U.S.C. § 2254(d)(1) as other courts have decided similarly. *See Williams v. Allen*, 598 F.3d 778, 793-95 (11th Cir. 2010); *Powell v. Allen*, 602 F.3d 1263, 1270-71 (11th Cir. 2010).

### B.     Defense Counsels' Capital-Murder Defense Experience

Mr. Flowers argued in his second ineffective-assistance claim that his defense counsels' prior experience in defending clients in capital murder cases was constitutionally insufficient. The Arkansas Supreme Court correctly found that it was not constitutionally necessary for defense counsel to possess any requisite number of years of experience or to have previously litigated a certain number of capital-murder cases before Mr. Flowers's trial. *Flowers*, 2010 Ark. at 5-6, 2010 WL 3788291, at *5-6. This holding was reasonable as there is no Supreme Court precedent that supports Mr. Flowers's assertion in this regard. Additionally, as a practical matter, Petitioner was sentenced to life imprisonment and not given a death sentence.

### C.     Defense Counsels' Failure to Object to Certain Testimony

For his third ineffective-assistance claim, Mr. Flowers argued that his trial counsel should have objected to certain testimony because the prosecutor violated a rule of discovery by failing to timely disclose information about that witness's testimony. As the Arkansas Supreme Court found, however, Mr. Flowers failed to establish during his appeal that the prosecutor violated a discovery rule. *Flowers*, 2010 Ark. at 6-7, 2010 WL 3788291, at *6-7. Not only was this a rational finding, *Moore v. Deputy Comm'r(s) of SCI-Huntingdon*, 946 F.2d 236, 245 (3d Cir. 1991)(an ineffective-assistance claim cannot be predicated on failing to make an objection that would be overruled), it

was also a reasonable finding, one that was within the scope of determinations allowed under 28 U.S.C. § 2254(d)(1).

### D. Defense Counsels' Failure to Object to Certain Jury Instructions

Mr. Flowers asserts in his fourth ineffective-assistance claim that his trial attorneys was ineffective because they failed to object to "erroneous instructions that petitioner committed the murder in the course of and in furtherance of the robbery." (Doc. No. 2 at 9.) In its opinion, the Arkansas Supreme Court noted that Mr. Flowers felt he did not receive notice through a charging document or otherwise that he had been charged with the underlying robbery. *Flowers*, 2010 Ark. at 8, 2010 WL 3788291, at *8. The court rejected Mr. Flowers's contention by quoting the specific language from the Criminal Information, which Mr. Flowers had attached to his Rule 37 motion. *Id*. Given that the record clearly indicates Mr. Flowers had notice of the charge for the underlying robbery, his fourth ineffective-assistance claim could not have been successful as he failed to satisfy the first prong of the *Strickland* standard. Accordingly, the Arkansas Supreme Court's rejection of Mr. Flowers's fourth ineffective-assistance claim was reasonable.

### E. Defense Counsels' Failure to File a Motion to Dismiss for Speedy-Trial Violations

Mr. Flowers claimed that his trial counsel was ineffective for not filing a motion to dismiss for speedy-trial violation. The Arkansas Supreme Court, however, found that no violation had actually occurred as all the time periods that delayed trial were excludable and Mr. Flowers was brought to trial within the amount of time constitutionally required. *Flowers*, 2010 Ark. at 9-10, 2010 WL 3788291, at *9-10. Rejection of this claim was necessary as Mr. Flowers failed to carry his burden under *Strickland*.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      Mr. Flowers's Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED with prejudice, and the requested relief be DENIED.

DATED this 14th day of March, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE